**RECEIVED**
APR 04 2018

2018 APR 4 PM 12:35

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

LATAnya LYnn JACKSon )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
                          v. )
Humana _____ )
_____ )
_____ )
(Name of the defendant or defendants) )

**1:18-cv-02413**
**Judge Charles P. Kocoras**
**Magistrate Judge Daniel G. Martin**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1.  This is an action for employment discrimination.

2.  The plaintiff is _LATAnyA L JACKSon_ of the county of _COOK_ in the state of _ILLinois_.

3.  The defendant is _Humana_, whose street address is _550 WEST ADAMS 5ᵗʰ FL_,
(city) _Chicago_ (county) _COOK_ (state) _IL_ (ZIP) _60661_
(Defendant's telephone number) _(312) – 441 - 9111_

II  The plaintiff sought employment or was employed by the defendant at (street address)
_550 WEST ADAMS 5ᵗʰ Fl_ (city) _Chicago_
(county) _COOK_ (state) _IL_ (ZIP code) _60661_

5.  The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☒ was employed but is no longer employed by the defendant.

6.  The defendant discriminated against the plaintiff on or about, or beginning on or about,
(month) _Sept_, (day) _5_, (year) _2014_.



**FILED**
9/5/2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

7.1   *(Choose paragraph 7.1 or 7.2, do NOT complete both.)*

(a)  The defendant is not a federal governmental agency, and the plaintiff   *[check one box]*

☐ has not  ☒ has filed a charge or charges against the defendant asserting the acts of

discrimination indicated in this complaint with any of the following government agencies:

(i)   ☒ the United States Equal Employment Opportunity Commission, on or about
(month)___June___ (day)___14___ (year)_2016_.

(ii)   ☐ the Illinois Department of Human Rights, on or about
(month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is ttached.   ☒ YES. ☐ NO,

**but plaintiff will file a copy of the charge within 14 days**.
It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human
Rights to cross-file with the other agency all charges received.  The plaintiff has no reason  to believe that this
policy was not followed in this case.

7.2   The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting
the acts of discrimination indicated in this court complaint.

☐   Yes (month)_____ (day)_____ (year) _____

☐   No, did not file Complaint of Employment Discrimination

2.   The plaintiff received a Final Agency Decision on (month)_____
(day) _____ (year) _____.

c.   Attached is a copy of the

a.  Complaint of Employment Discrimination,

☐ YES   ☐ NO, but a copy will be filed within 14 days.

(ii)   Final Agency Decision

☐ YES   ☐ NO, but a copy will be filed within 14 days.

8.   *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a)☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b)☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue,* which was received by the plaintiff on (month) $Jan$ (day) $26$ (year) $2018$ a copy of which *Notice* is attached to this complaint.

9.  The defendant discriminated against the plaintiff because of the plaintiff's [***check only those that apply***]:

(a)☒ Age (Age Discrimination Employment Act).

(b)☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c)☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d)☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e)☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f)☐ Religion (Title VII of the Civil Rights Act of 1964)

(g)☐ Sex (Title VII of the Civil Rights Act of 1964)

10.  If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.  Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.  The defendant [***check only those that apply***]

(a)☐ failed to hire the plaintiff.

(b)☒ terminated the plaintiff's employment.

(c)☐ failed to promote the plaintiff.

(d)☐ failed to reasonably accommodate the plaintiff's religion.

(e)☒ failed to reasonably accommodate the plaintiff's disabilities.

(f)☒ failed to stop harassment;

(g)☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h)☐ other (specify):_____

_____
_____
_____
_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Emails sent to Human Resources, Management and Director of Department Claiming Harassment. Emails Showing Unfavorable treatment and Pretext before false claims of any poor performance. Detail Emails stating AGE Discrimination, Disability Discrimination and Constent Harassment.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES ☒ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): _____

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

*La Tanya L. Jackson*

Plaintiff's signature

LA TANYA L JACKSON

Plaintiff's name

Plaintiff's street address   6020 S. STony Island AVE

Apt. 2E

City Chicago          State IL          ZIP 60637

Plaintiff's telephone number 312-217-3701

Date: 4. 4. 2018

## Complaint Facts/Initial Start Summary
## 4/4/2018

I *LaTanya Lynn Jackson age 53,* am a proud single mom of two successful college graduates *Derrick* (36) Columbia College Chicago 2005 and *LaToya Lynn* (34) Robert Morris University Chicago 2007. I'm also a loving grandmother of three, *Brian Jr* (16), *Celiyah Dior* (10) and *KyO* (5) and guardian of my two brilliant nephews *ZaQuan* 18yrs & *DaKari* 21yrs both Recipients of *The Presidential Academics Achievement Award from both President Bush and President Obama.*

I strive to live a total health conscious life and I've exceeding my expectations by accomplishing well-being goals that were once a dream. I am a Chicago marathon and ½ marathon finisher and I'm an Aerobics Instructor for the YMCA and Founder of Free Step-By-Step walking club for my community.

Working at HumanaVitality was a perfect fit with my living life fully journey. My background working in Fortune 500 companies call centers and my passion for living a healthy lifestyle was seemingly a dream job for me. I had high expectations of growing with the company and contributing my personal and professional skills to the role.

HumanaVitality serves all age ranges in the program and me being a baby-boomer put me in a prime position to relate to the Medicare Members (Silent Age 68-81); (Boomers 49-67); Generation X (38-52), Gen Y/ Millennials ( 22-37), Generation Z (7-21); and Gen Alpha(1-6); I lived with one in each generation period in 2014. Unfortunately, during my tenor at HumanaVitality I experienced unfair practices that required the attention of the Equal Employment Opportunity Commission (EEOC).

I was provided the authorization to pursue legal actions due to the EEOC findings of **Disability Discrimination, Retaliation Discrimination,** and **Age Discrimination.**

During my employment at HumanaVitality management repeatedly harassed me causing undue stress that led me to have to seek medical attention and later resulted in having to be put on medication due to severe anxiety. Management created a hostile environment and Human Resources failed to advocate for my rights while on FMLA. I was forced to work under conditions that amplified my illness without any consideration for the medical request to work within reasonable accommodations.

HumanaVitality failed to provide the factual reason for my termination. During my unemployment hearing it was sited that I was terminated due to **misconduct;** however; they were unable to provide supporting documentation and I was granted unemployment benefits. During the investigation with EEOC; HumanaVitality sited **Productivity** as the reason for which I was terminated again no documentation to support their claim was provided.

I can without a doubt prove both allegations to be false and I *humbly* ask the court to hear my case facts and allow me to the opportunity to have my voice heard in a safe environment. I am seeking closure, fairness, justice and restoration on the charges listed in my complaint.

**Appeal**: LaTanya L Jackson

**Claimant** ID: 3015290

I am appealing because I am being subjected to wrongful termination after I complained in several emails to upper management that I was being harassed and discriminated against by my supervisor and leadership team. I was transferred after I requested FMLA due to serious health conditions that were exploited by the former supervisor who created a hostile work environment and caused me to start to suffer with panic and anxiety attacks in the workplace. Claim filed with **EEOC Office on 04/14/2016**

I was employed with Humana for **22 months 07/21/2014 - 05/16/2016** as a Customer Service Specialist.

I have exceeded the department call quality metrics for 12 months straights and received the top performers' incentive bonus payments each quarter in the companies REACH program. I also received the boosting biometrics rewards bonus payment each year for living the culture.

I have been a stellar customer service specialist leading the Chicago Customer Service Team in customer commendations/kudos/compliments. I'm in the Top 3% in both call centers in receiving compliments.

As a CSS I take over **60-80** inbound calls a day, **300-400** a week; **1200-1600** a month and in a total of 22 months I have taken **~26,400** inbound calls.

**Note***Per the reason for terminated and falsely accused of dropping 4 calls out of **~26,400** in my entire work history during my FMLA medicated work time period.

My FMLA for Mental Illness was approved on **3/01/2016** for six months, suddenly my new manager started her harassment and sending me negative emails/IM's creating additional stress and fear of job loss in the workplace.

1. **2/29/2016**- Transferred to new manager due to harassment from former manager

2. **3/01/2016**- FMLA approved for serious mental health illness **(2/17/2016-8/16/2016)**

2. **3/28/2016**- Reminder of false rule/procedure and daily micro-management

4. **4/01/2016**- It was discovered that I was being singled out by an email sent to entire team which showed foul play.

5. **4/04/2016**- Escalation email sent with claim of harassment/discrimination to leadership

6. **4/13/2016**- email sent to HR requesting investigation of harassment **(HR Claim # HR-365247-F9C8V5)**

7. **4/14/2016**- I was placed on a Performance Improvement Plan which I did not sign and filed an appeal/refute with HR

8. **4/14/2016**- I sent claim to EEOC, with my proof of emails supporting my **claims (EEOC Intake Claim #160414-000756)**

9. **5/16/2016**- I was again falsely accused of misconduct and terminated.

10. **5/16/2016**- I went into the Office of the EEOC at 500 W. Madison in Chicago and was assigned an investigator and start date of 6/14/2016 at 8:30 A.M CST to expedite my claim since I reached out to them about my concerns prior to wrongful termination on 04/14/2016 with attached proof of Human's violation of my human rights in the workplace.

I sent multiple emails to my leadership and HR about my concerns date range **12/2015 - 05/13/2016**.

**Appeal**: LaTanya L Jackson

**Claimant** ID: 3015290

I am appealing because I am being subjected to wrongful termination after I complained in several emails to upper management that I was being harassed and discriminated against by my supervisor and leadership team. I was transferred after I requested FMLA due to serious health conditions that were exploited by the former supervisor who created a hostile work environment and caused me to start to suffer with panic and anxiety attacks in the workplace. Claim filed with **EEOC Office on 04/14/2016**

I was employed with Humana for **22 months 07/21/2014 - 05/16/2016** as a Customer Service Specialist.

I have exceeded the department call quality metrics for 12 months straights and received the top performers' incentive bonus payments each quarter in the companies REACH program. I also received the boosting biometrics rewards bonus payment each year for living the culture.

I have been a stellar customer service specialist leading the Chicago Customer Service Team in customer commendations/kudos/compliments. I'm in the Top 3% in both call centers in receiving compliments.

As a CSS I take over **60-80** inbound calls a day, **300-400** a week; **1200-1600** a month and in a total of 22 months I have taken **~26,400** inbound calls.

**Note\***Per the reason for terminated and falsely accused of dropping 4 calls out of **~26,400** in my entire work history during my FMLA medicated work time period.

My FMLA for Mental Illness was approved on **3/01/2016** for six months, suddenly my new manager started her harassment and sending me negative emails/IM's creating additional stress and fear of job loss in the workplace.

1. **2/29/2016**- Transferred to new manager due to harassment from former manager

2. **3/01/2016**- FMLA approved for serious mental health illness **(2/17/2016-8/16/2016)**

2. **3/28/2016**- Reminder of false rule/procedure and daily micro-management

4. **4/01/2016**- It was discovered that I was being singled out by an email sent to entire team which showed foul play.

5. **4/04/2016**- Escalation email sent with claim of harassment/discrimination to leadership

6. **4/13/2016**- email sent to HR requesting investigation of harassment **(HR Claim # HR-365247-F9C8V5)**

7. **4/14/2016**- I was placed on a Performance Improvement Plan which I did not sign and filed an appeal/refute with HR

8. **4/14/2016**- I sent claim to EEOC, with my proof of emails supporting my **claims (EEOC Intake Claim #160414-000756)**

LATANYA L. JACKSON                                                                                         07/01/2016

In the present case it was not proved by a preponderance of competent and compelling evidence that the claimant willfully and deliberately violated a known and reasonable policy of the employer. There was no evidence that the claimant deliberately hung up on any callers. A finding is made that the claimant did not commit actions in this instance which would constitute misconduct connected with work. Accordingly, the claimant is not subject to the disqualification provisions of 602A of the Act or any of it's subsections.

**Decision**: The Local Office Determination is SET ASIDE. Pursuant to 820 ILCS 405/602A, the claimant is eligible for benefits, as to this issue only, from 05/15/2016.

NIKI GEORGOPOULOS, Administrative Law Judge
Appeals - Chicago
Fax: (312) 793-0977

## **FURTHER APPEAL RIGHTS**

**A. LATE APPEAL:** If this appeal was dismissed without a scheduled hearing on a finding the appeal was not filed in a timely manner under the provisions of 56 Ill. Adm. Code 2720.207, this dismissal may be appealed to the Board of Review.

**B. FAILURE TO APPEAR:** IF YOU FAILED TO APPEAR AT THE HEARING, then you may request a rehearing of the appeal, but only if you failed to appear. Your request for a rehearing must state the reason/s you did not attend the hearing and why you did not request a continuance (or why a continuance was erroneously denied) (See 56 Ill. Adm. Code 2720.255(e) (1)) A request for rehearing must be made within 10 days of the scheduled hearing or first receipt of notice of hearing, whichever is later. A request for rehearing must be made in writing, to the Appeals Division, 33 S State St - 8th Floor, Chicago, IL 60603, directed to the referee Administrative Law Judge whose name appears on this decision. A request for rehearing may also be made by fax at the referee Administrative Law Judge fax number (312) 793-1119.

You may also file an appeal to the Board of Review. It must be in writing and filed within 30 days from 07/01/2016. **See paragraph C. below.**

**C.** If the decision is against you then you may file a further Appeal to the Board of Review. An appeal to the Board of Review must be in writing and filed within 30 days from 07/01/2016. The appeal to the Board of Review must be mailed to the Board of Review at 33 S State St, 9th Floor, Chicago, IL, 60603 or by fax at (630) 645-3731.

**TO:** LATANYA L. JACKSON, Claimant
**TO:** C/O EQUIFAX (TALX UCM SERVICES), Employer Agent

**CC:** HUMANA INSURANCE COMPANY c/o EQUIFAX (TALX UCM SERVICES) , Employer

**DIS DEPARTMENT OF EMPLOYMENT SECURITY**







LATANYA L. JACKSON                                                                07/01/2016

In the present case it was not proved by a preponderance of competent and compelling evidence that the claimant willfully and deliberately violated a known and reasonable policy of the employer. There was no evidence that the claimant deliberately hung up on any callers. A finding is made that the claimant did not commit actions in this instance which would constitute misconduct connected with work. Accordingly, the claimant is not subject to the disqualification provisions of 602A of the Act or any of it's subsections.

**Decision:** The Local Office Determination is SET ASIDE. Pursuant to 820 ILCS 405/602A, the claimant is eligible for benefits, as to this issue only, from 05/15/2016.

NIKI GEORGOPOULOS, Administrative Law Judge
Appeals - Chicago
Fax: (312) 793-0977

## **FURTHER APPEAL RIGHTS**

**A. LATE APPEAL:** If this appeal was dismissed without a scheduled hearing on a finding the appeal was not filed in a timely manner under the provisions of 56 Ill. Adm. Code 2720.207, this dismissal may be appealed to the Board of Review.

**B. FAILURE TO APPEAR:** IF YOU FAILED TO APPEAR AT THE HEARING, then you may request a rehearing of the appeal, but only if you failed to appear. Your request for a rehearing must state the reason/s you did not attend the hearing and why you did not request a continuance (or why a continuance was erroneously denied) (See 56 Ill. Adm. Code 2720.255(e) (1)) A request for rehearing must be made within 10 days of the scheduled hearing or first receipt of notice of hearing, whichever is later. A request for rehearing must be made in writing, to the Appeals Division, 33 S State St - 8th Floor, Chicago, IL 60603, directed to the referee Administrative Law Judge whose name appears on this decision. A request for rehearing may also be made by fax at the referee Administrative Law Judge fax number (312) 793-1119.

You may also file an appeal to the Board of Review. It must be in writing and filed within 30 days from 07/01/2016. **See paragraph C. below.**

**C.** If the decision is against you then you may file a further Appeal to the Board of Review. An appeal to the Board of Review must be in writing and filed within 30 days from 07/01/2016. The appeal to the Board of Review must be mailed to the Board of Review at 33 S State St, 9th Floor, Chicago, IL, 60603 or by fax at (630) 645-3731.

**TO:** LATANYA L. JACKSON, Claimant
**TO:** C/O EQUIFAX (TALX UCM SERVICES), Employer Agent

**CC:** HUMANA INSURANCE COMPANY c/o EQUIFAX (TALX UCM SERVICES) , Employer

DIS DEPARTMENT OF EMPLOYMENT SECURITY







PRESORTED
FIRST CLASS

US POSTAGE
$00.419
JUL 01 2016
ZIP 60603
02 1T
3006026

5220-2967

**Illinois Department of Employment Security**
Appeals - Chicago
33 S State St - 8th Floor
Chicago, IL 60603
Phone: (800) 244-5631 · TTY: (312) 793-3184
www.ides.illinois.gov

Ⅰⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼⅼ

LATANYA L. JACKSON
6020 S STONY ISLAND AVE APT 2E
CHICAGO, IL 60637-3050

| | |
|---|---|
| Date Mailed: | 07/01/2016 |
| Claimant ID: | 3015290 |
| Docket Number: | 1621282 |
| Appeal Filed Date: | 06/13/2016 |
| Date of Hearing: | 06/30/2016 |
| Type of Hearing: | Telephone |
| Place of Hearing: | Chicago |

## Administrative Law Judge's Decision

**(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631)**

**Claimant Appellant**
LATANYA L. JACKSON
6020 S STONY ISLAND AVE APT 2E
CHICAGO, IL 60637-3050

**Employer**
HUMANA INSURANCE COMPANY HUMANA INSURANCE COMPANY
c/o EQUIFAX (TALX UCM SERVICES)

Employer's Agent
C/O EQUIFAX (TALX UCM SERVICES)
PO BOX 283
SAINT LOUIS, MO 63166-0283

**Appearances/Issues/Employer Status:** The claimant and employer appeared and testified. The issue is whether the claimant was discharged for misconduct connected with the work? See 820 ILCS 405/602A. The employer is a party to the appeal.

**Findings of Fact:** The claimant was employed as a full time customer care specialist. She started working for the employer on 7/21/2014. The claimant last performed work and earned wages on 5/16/2016. The claimant was discharged on the premise that she violated her performance improvement plan by hanging up on callers on 3 more occasions. The claimant did her job to the best of her ability and did not deliberately hang up on any callers.

**Conclusion:** 820 ILCS 405/602A provides that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become re-employed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit. The previous definition notwithstanding, "misconduct" shall include any of the following work-related circumstances: 1. Falsification of an employment application, or any other documentation provided to the employer, to obtain employment through subterfuge. 2. Failure to maintain licenses, registrations, and certifications reasonably required by the employer, or those that the individual is required to possess by law, to perform his or her regular job duties, unless the failure is not within the control of the individual. 3. Knowing, repeated violation of the attendance policies of the employer that are in compliance with State and federal law following a written warning for an attendance violation, unless the individual can demonstrate that he or she has made a reasonable effort to remedy the reason or reasons for the violations or that the reason or reasons for the violations were out of the individual's control. Attendance policies of the employer shall be reasonable and provided to the individual in writing, electronically, or via posting in the workplace. 4. Damaging the employer's property through conduct that is grossly negligent. 5. Refusal to obey an employer's reasonable and lawful instruction, unless the refusal is due to the lack of ability, skills, or training for the individual required to obey the instruction or the instruction would result in an unsafe act. 6. Consuming alcohol or illegal or non-prescribed prescription drugs, or using an impairing substance in an off-label manner, on the employer's premises during working hours in violation of the employer's policies. 7. Reporting to work under the influence of alcohol, illegal or non-prescribed prescription drugs, or an impairing substance used in an off-label manner in violation of the employer's policies, unless the individual is compelled to report to work by the employer outside of scheduled and on-call working hours and informs the employer that he or she is under the influence of alcohol, illegal or non-prescribed prescription drugs, or an impairing substance used in an off-label manner in violation of the employer's policies. 8. Grossly negligent conduct endangering the safety of the individual or co-workers. For purposes of paragraphs 4 and 8, conduct is "grossly negligent" when the individual is, or reasonably should be, aware of a substantial risk that the conduct will result in the harm sought to be prevented and the conduct constitutes a substantial deviation from the standard of care a reasonable person would exercise in the situation. Nothing in paragraph 6 or 7 prohibits the lawful use of over-the-counter drug products as defined in Section 206 of the Illinois Controlled Substances Act, provided that the medication does not affect the safe performance of the employee's work duties.

**Intake Notes**
**By  Ana Alza**                                          **Office**

**Monday, June 14, 2016**
**Case #440-2016-04540**
**PCP: La Tanya Jackson**
 **R: Humana (insurance)**
**POS: Customer Service Specialist**
**DOH: 07/21/2014**
**DOD: 05/16/2016**
**Direct Supervisor:  Jennfier Stoltenberg- 30s-white( since march 1 , 2016)**
**Basis: race, age, retal, disability**
**Issue:  reasonable accommodation, harassment, discipline, discharge**

**Duties:  inbound calls in call center**

EEOC neutrality, 300 SOL, right to file, Position Statement

Change in management
January 2016 – CP has eye infection. Abby Berneta ( 30s-white)supervisor.  Abby tells CP that she can't go to urgent care because of eye infection. If she goes, she will have issues with HR because of attendance action. PCP sends e-mail to HR (Collete Daniel – HR rep). PCP asks for clarity in attendance. PCP asks if decision is dept or company wide policy . Daniel tells PCP that it is up to manager's discretion.

PCP starts going to therapy in jan 2016.

PCP sends e-mail to Chelsea Bjarnarson- 30s- white (dept manager). PCP stated that how can she work under Abby because she won't let her go to doctor and had negative influence in PCP performance review.

Chelsea spoke to HR and then had PCP transferred under Jennifer Stoltenberg  on Feb 8, 2016. Delay in transfer until March, 2016.

FMLA- PCP requests FMLA on feb 17 ,2016 to HR rep. HR sends documents to doctor. FMLA approved on March 1, 2026. Backdated to date of request until august 16, 2016. Prior to Fmla approva,l Abby instructed to stay away from PCP.

Prior to FMLA request, pcp meets metric, gets bonuses every quarter.

PCP states that Jennifer micromanages.

Harrasment refers to negative tone and micro-management. PCP states that she is the only person being micromanaged.

PCP defines discrimination that she is the one of the oldest workers.

Age comments? "you are slow." Abby referring to PCP speed in doing her job.

Disability?
. Abby said "you are emotional" to PCP after PCP requested a meeting to discuss her attendance

Race? No race comments.

April 4 and apRIL 5, 2016- PCP writes to Jennifer and Chelsea that she is being singled out, fears job loss, PCP states that ever since "I went on FMLA to stress disorder that everything has escalated." PCP mentions hostile work environment.

April 13, 2016 – PCP sends e-mail complaining about age, disability, retal, harassment to general HR line. PCP gets generic response.

April 14, 2016- PCP receives Pip showing misconduct issues. PIP given by Jennifer. Jennifer tells pcp to go to meeting room. John Colette (Director) is there. Jennifer, Chelsea, and John are in the room. He informs PCP that Jennifer will talk about PCP. "We observed you" and starts listing misconduct. PCP denies misconduct.

April 15 , 2016 – PCP sends appeal on PIP stating that she is being retaliated based on previous complaints because of harassment.

April 15, 2016 - PCP calls hotline for HR. Generic personnel gets call. Phone conversation. PCP says it is sabotage, I am on fmla, hostile work environment and now they want to get rid of me. Assigned a specialist in few days.

PCP request processor position to Chelsea (manager), john (director), Jennifer (supervisor). Chelsea responded. Chelsea said no.

April 19, 2016- paulette daniels (hr specialist). Paulette sets up appointment with PCP. PCP tells Paulette of harassment issues. Paulette asks for urgent care e-mail. Created a false rule, age discrimination, retaliation. Paulette requests e-mail showing PCP that she is being singled out because of rule. Denied to go to doctor. Threatedned to go to HR.

April 25, 2016-PCP gets letter from Paulette stating that company can't prove discrimination occurred.

May 16, 2016- PCP called into meeting with John Colette(52-whitedirector). PCP stops conversation. She signs verification of address. PCP is terminated on May 16, 2016.

PCP is unaware of customer service specialist demographics.

PCP chooses to file age, disability, retal.
Yes adr.



with us in April. https://www.shamrockshuffle.com/participant-information/registration/





Shuffle on, Chicago!



My mom is posted everywhere

with us in April. https://www.shamrockshuffle.com/participant-information/registration/



